## THE STATE v. DRURY HART.

### *Agency—Liquor Selling.*

1. Under the provisions of the Revenue Act of 1887 (ch. 135, § 31), a person could lawfully sell spirituous liquors—the product of his own farm—in quantities less than a quart, at any place where the sales of liquors were not prohibited, without paying the tax or procuring the license otherwise required by said act. The Act of 1887 has, however, been changed by chapter 216, Laws 1889.

2. One who, in good faith, sells liquors for another who has the right to do so without license, is entitled to the same defences as his principal.

STATE *v.* HART.

CRIMINAL ACTION, tried at Spring Term, 1890, of ASHE Superior Court, *Bynum, J.*, presiding.

The defendant is indicted for selling spirituous liquors "by the quart not at the place of manufacture of the said liquor and without having a license to sell by the measure aforesaid," etc, in violation of the statute (Acts of 1887, ch., 135, § 31). He pleaded not guilty. On the trial, the evidence went to prove that the defendant sold a quart of whiskey to a person named, as agent of and for the manufacturer thereof, and that the whiskey so sold was the product of the manufacturer's own farm—that it was sold at a place about fifteen miles from the place of manufacture. The defendant insisted that the evidence, taken as true, did not prove the offence charged in the indictment, or that he was guilty of any offence. But, the Court told the jury that, if they believed the evidence, the defendant was guilty. There was a verdict of guilty, and judgment against the defendant, from which he appealed.

*The Attorney General*, for the State.
*Mr. J. F. Morphew*, for the defendant.

MERRIMON, C. J.—after stating the facts: The statute (Acts 1887, ch. 135, § 31) prescribes that spirituous and other liquors shall not be sold without a license so to do, and the payment of certain tax therefor. It provides, among other things, that "Nothing in this section contained shall prevent any person from selling wine of his own manufacture at the place of manufacture, or any person from selling spirits or wine the product of his own farm, in quantities not less than one quart." We are of opinion that the clear purpose of this clause of the statute was to allow any person to sell spirituous liquors by a measure not less than a quart without license granted by authority so to do, if the spirituous liquors so sold were the products of his own farm and

the sale made at a place where such sales are not prohibited. The object was to afford the farmer the largest opportunity to get the most he could for the manufactured product of his own farm. This view of the clause in question was recognized as correct in *State* v. *Kennerly*, 98 N. C , 657, and *State* v. *Whissenhunt, id.*, 682. The statute cited is now modified and changed by the subsequent statute (Acts 1889, ch. 216, § 32), so that the sale at a place other than the place of manufacture is forbidden.

The defendant sold the liquor as the agent of the manufacturer, it being the product of the latter's farm. There was no reason why he should not do so in good faith, and at a place other than the place of manufacture. There is nothing in the statute that requires the farmer himself in person to sell spirituous liquors the product of his own farm, and that he may not do so by an agent. The agent, however, must be such in good faith.

There was no formal exception or assignment of error, but the defendant in effect demurred to the evidence. The Court overruled the demurrer, and the exception was implied.

There is no error. The defendant is entitled to a new trial.

Error.